# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: January 21, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * | | UNPUBLISHED |
| A.P., | * | |
| | * | No. 17-784V |
| Petitioner, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Petitioner's Motion for Redaction; |
| AND HUMAN SERVICES, | * | Entitlement Ruling; Case Caption. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * | | |

*Anne C. Toale,* Maglio Christopher and Toale, Sarasota, FL, for petitioner.
*Meghan Murphy,* United States Department of Justice, Washington, DC, for respondent.

### RULING ON PETITIONER'S MOTION FOR REDACTION[1]

On June 12, 2017, A.P. ("petitioner") filed a claim in the National Vaccine Injury Compensation Program ("Vaccine Act" or the "Program").[2] Petitioner received a measles, mumps, and rubella vaccination on June 8, 2016. Petitioner alleges that as a result of receiving this vaccine she suffered left shoulder pain and dysfunction. On December 29, 2021, I issued a ruling that petitioner had demonstrated her entitlement to compensation (ECF No. 54). Petitioner has now requested, pursuant to Rule 18(b), that I redact her name throughout the ruling to protect her privacy. Petitioner's ("Pet.") Motion ("Mot.") for Redaction (ECF No. 56). For the reasons stated below, I hereby **grant** petitioner's motion.

### I.     Procedural History

Petitioner filed the present motion on January 12, 2022. She requests that her first name and full name be reduced to her initials in the ruling on entitlement. Pet. Mot. at 1. Petitioner stated that she filed sensitive, personal records related to the labor and delivery, as she was

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov. In light of my conclusion below, I intend to post this decision with the redacted caption shown above. To the extent that petitioner would seek further redaction of this ruling, petitioner has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

hospitalized for child-birth when she received the subject vaccination. Pet. Mot. at 2. She notes the ruling on entitlement includes a discussion between her and her OB/GYN regarding contraception and acknowledges why the discussion of the phone call was included in the ruling. However, she explains that her husband is a pastor of a church and she is intimately involved in running the church and these private discussions implicate fundamental religious tenets. *Id.* at ¶ 5. She states the revelation of these details would constitute an unwarranted invasion of privacy. *Id.*

Respondent filed a response on January 19, 2022. Respondent's ("Resp.") Response (ECF No. 57). Respondent stated that "when petitioner file petitions requesting compensation under the Vaccine Act, they do so with the knowledge that the Act calls for decisions addressing the merits of the petitions, which will necessarily contain their medical information and will be made available to the public….Respondent acknowledges that there is a privacy interest inherent in all medical information." *Id.* at 4. Further, respondent stated, "the Vaccine Act's use of the term "clearly unwarranted invasion of privacy," to define which information is suitable for redaction requires a petitioner to show some additional privacy interest to justify redaction of a decision." *Id.* Concluding, respondent stated, "…respondent defers to the sound discretion of the Special Master to determine the remedy that strikes the appropriate balance between the public and private interests in this instance." *Id.* at 5.

## II.     Discussion

The Vaccine Act, section 12(d)(4)(B), provides that information concerning "medical files and other files" may redacted if its disclosure "would constitute a clearly unwarranted invasion of privacy." *Id.* What constitutes a "clearly unwarranted invasion of privacy" requires balancing petitioner's "right of privacy against the public purpose of the Vaccine Act." *W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440, 460 (2011). While a petitioner has an interest in keeping sensitive medical or other embarrassing information private, the public has an interest in disclosure so as to increase public awareness of vaccine and medical conditions they may or may not cause. *Id.* at 461. In other words, sensitive information is often the subject of the litigation, and "in cases where sensitive information is the subject of the dispute, that information is routinely disclosed, to enable the reader to follow and understand the decision maker's rationale." *Castagna v. Sec'y of Health & Human Servs.*, 2011 WL 4348135, *13 (Fed. Cl. Spec. Mstr. Aug. 25, 2011).

However, in *W.C.*, the Federal Circuit held that disclosure of a petitioner's name is not necessary to effectuate the underlying purpose of the Vaccine Act's public disclosure requirements. In *W.C.*, the court concluded that while disclosure of information linking petitioner to his injury does not necessarily constitute an "*unwarranted* invasion of privacy," "where [t]here is no relevant public purpose to be weighed against [a] threatened invasion[,] . . . *any* invasion of privacy threatened by disclosure . . . is 'clearly unwarranted.'" *W.C.*, 100 Fed. Cl. at 461 (emphasis original) (quoting *Federal Labor Relations Auth. V. United States Dep't of Veterans Affairs*, 958 F.2d 503, 513 (2nd Cir. 1992)).

Here, I agree with the rationale expressed in *W.C.* While there is public importance to understanding the basis of the Court's decisions, in this case, the ruling on entitlement referenced various medical appointments that were significant only for their place in the chronology of

medical care and not for the substance of those appointments or calls.  Petitioner has asserted an adequate understandable interest in avoiding disclosure of her full name in connection with certain medical records.  Petitioner's name does not bear on public awareness of vaccines and the medical conditions they may or may not cause.  Nor does her full name bear on a reader's ability to understand the rationale for entitlement of this claim.  There is no relevant public purpose to have petitioner's full name attributed in the ruling and going forward.

Accordingly, I will grant petitioner's motion for redaction of entitlement ruling.  I will similarly redact the case caption.  Petitioner will referred to only as A.P. going forward.[3]

### III. Conclusion

For the reasons set forth above, I hereby determine that petitioner has established grounds for redaction of her name in the ruling on entitlement and going forward.  Her motion is hereby **GRANTED.**

**The Clerk of the Court is directed to change the case caption to the following:**

```
* * * * * * * * * * * * * * * * * * *
A.P.,                               *
                                    *       No. 17-784V
            Petitioner,             *
v.                                  *       Special Master Gowen
                                    *
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
            Respondent.             *
* * * * * * * * * * * * * * * * * * *
```

Additionally, prior to posting the ruling on entitlement onto the Court's website, I will reduce petitioner's name to her initials.

**IT IS SO ORDERED.**

**s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Although petitioner's motion for redaction did not request this additional relief, I find it appropriate and necessary to preserve her privacy going forward.  Since petitioner has been found entitled to compensation, it is certain there will be additional public decisions going forward that address the nature of petitioner's injury and her claim – at a minimum, a decision awarding damages.  There is good reason to conclude that the rationale discussed in this opinion will continue to apply to any and all subsequent opinions issued in this case.  In that context and given the limited nature of petitioner's request for redaction, amending the case caption will eliminate repetitive motion practice and help to prevent any inadvertent disclosure by the Court or inadvertent waiver of redaction by the parties.